Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JUNTA DE PLANIFICACIÓN DE PUERTO RICO<br><br>Recurrida<br><br>Vs.<br><br>MOISÉS ORAMA NEGRÓN Y PREFABRICADOS ORAMA, LLC.<br><br>Recurrentes | KLRA202500086 | *Revisión Administrativa* procedente de la Junta de Planificación de Puerto Rico<br><br>Sobre: Falta de legitimación activa para presentar querella administrativa; aplicación retroactiva de reglamento administrativo nulo de vigencia prospectiva; e imposición de multa administrativa sin cumplir con requisitos reglamentarios<br><br>Querella núm.: 2020-SRQ-005841 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 28 de mayo de 2025.

El 6 de febrero de 2025 comparecen ante nos el Sr. Moisés Orama Negrón ("señor Orama Negrón") y Prefabricados Orama, LLC (en conjunto: "parte recurrente") en un recurso de revisión judicial para que revoquemos la *Notificación de Hallazgos y Orden de Mostrar Causa* emitida el 16 de diciembre de 2024.[1]

---

[1] Según la parte recurrente la resolución recurrida advino final y quedó archivada el 7 de enero de 2025. Sin embargo, sobre la sobre la revisión judicial esbozaba, en lo pertinente, que;

*VIII. Reconsideración y/o Revisión Judicial*

*Cualquier parte adversamente afectada por una resolución u orden final podrá, dentro del término de veinte (20) días contados desde el día siguiente al último día del Termino para Mostrar Causa, presentar una moción o solicitud de reconsideración de la resolución u orden final en la Secretaría de esta Junta ya sea de forma presencial, por correo regular o por medios electrónicos a través del correo electrónico comentariosjp@jp.pr.gov. La parte adversamente afectada deberá certificar haber notificado dicha moción o solicitud de reconsideración a todas las partes incluidas en la Notificación y Orden de Mostrar Causa. La notificación a las partes podrá hacerse por correo ordinario o correo electrónico.*

*Además, cualquier parte adversamente afectada tendrá un término de treinta (30) días, concurrente con el término para solicitar reconsideración, contados desde el día siguiente al último día del Término para Mostrar Causa, para solicitar la revisión judicial de dicha resolución u orden final ante el Tribunal de Apelaciones sin necesidad de presentar inicialmente una moción o solicitud de reconsideración ante la Junta. La parte adversamente afectada deberá certificar haber notificado a la Junta y a todas las partes incluidas en la Notificación y Orden de Mostrar Causa la presentación de la solicitud de revisión judicial ante el Tribunal de Apelaciones dentro del término para solicitar dicha*

Número Identificador
SEN2025_____

Por los fundamentos que se exponen a continuación, procedemos a **desestimar** el presente recurso de revisión por **haberse tornado académico**. Veamos.

**-I-**

Surge del expediente que el **12 de agosto de 2020**, la Sra. Nanette Ortiz presentó la querella 2020-SRQ-005841 ante la Junta de Planificación de Puerto Rico ("Junta") contra el señor Orama Negrón. En la querella se alegó que se estaba realizando una actividad industrial en un área no calificada, sin el correspondiente permiso de uso.[2]

Por lo que el **16 de octubre de 2020** el inspector de la Junta, el Sr. Ramón L. Rivera Ortiz ("inspector Rivera Ortiz"), realizó una inspección ocular a la propiedad objeto de la querella y encontró los siguientes hallazgos:

> 1. *Al llegar a las propiedades objeto de la investigación los inspectores fueron atendidos por el Sr. Moisés Orama.*
> 2. *El Sr. Orama informó que tenía permiso de uso y que lo haría llegar por email.*
> 3. *El Sr. Orama autorizó al inspector a pasar por las propiedades para poder inspeccionar.*
> 4. *En dichas propiedades se observó un uso industrial dedicadas a la fabricación y transportación de tubos de hormigón y piezas relacionadas.*
> 5. *Se verificó en el sistema de la OGPe, Single Business Portal (SBP), y no se encontró permiso de uso relacionado a los catastros de referencia.*[3]

Luego de analizar el informe, el inspector Rivera Ortiz concluyó que la acción del señor Orama Negrón —de operar más de un uso al aprobado— contraviene las leyes y reglamentos aplicables.[4]

Posteriormente, el Director de la Oficina de Querellas de la Junta evaluó la información sometido por el inspector Rivera Ortiz,

---

*revisión. La notificación a las partes podrá hacerse por correo ordinario o electrónico. [...].* Véase, Apéndice de los Recurrentes, pág. 86.

[2] Apéndice de los Recurrentes, pág. 12, 82.
[3] Apéndice de los Recurrentes, pág. 12.
[4] Apéndice de los Recurrentes, págs. 12 – 14.

y emitió una *Notificación de Hallazgos y Orden de Mostrar Causa* el **4 de junio de 2021**.[5] Entre otras cosas, le impuso una multa de $1,000.00 por las violaciones incurridas.

Tras varios trámites procesales, incluyendo la presentación de los recursos *AR2021CV01884* y el *KLCE202300664*,[6] el **16 de diciembre de 2024** la Junta notificó correctamente la *Notificación de Hallazgos y Orden de Mostrar Causa* a la parte recurrente.[7] Esta nueva notificación, añadió como parte querellada a Prefabricados Orama, LLC; alegó una violación al Reglamento Conjunto 2023;[8] modificó las acciones y/o sanciones;[9] y, advirtió el derecho de revisión judicial.[10]

Así las cosas, el **15 de enero de 2025** la parte recurrente evidenció tener el permiso de uso requerido,[11] y la Junta acusó recibo en igual fecha.[12]

No obstante, el **6 de febrero de 2025** el Sr. Moisés Orama Negrón y Prefabricados Orama, LLC sometieron ante nos el presente *Recurso de Revisión Judicial* y señalaron la comisión de cuatro (4) errores:

> **Primer señalamiento de error:** La ley habilitadora 161-2009 y la Regla 11.2.2.1 del Reglamento Conjunto 9473 del 2023 solamente le permiten presentar querellas a personas que tengan interés propietario, o son colindantes, propietarios u ocupantes de una de una propiedad vecina, cuyos intereses pueden afectarse con los actos del querellado. A pesar de residir en Guaynabo, la Junta de

---

[5] Apéndice de los Recurrentes, págs. 12 – 17.
[6] Apéndice de los Recurrentes, págs. 64 – 80.
[7] Apéndice de los Recurrentes, págs. 81 – 87.
[8] Reglamento Conjunto para la evaluación y expedición de permiso relacionados al desarrollo, uso de terrenos y operación de negocio vigente desde 16 de junio de 2023. Véase; Apéndice de los Recurrentes, pág. 83.
[9] Según la *Notificación de Hallazgos y Orden de Mostrar Causa* emitida el 16 de diciembre de 2024, los recurrentes tenían un término de 20 días para mostrar causa por la cual la Junta no debía imponerle las siguientes sanciones:
   *A. Una multa por la cantidad de $1,525.00 por las violaciones antes señaladas.*
   *B. Emitir una orden de cesa y desista bajo el artículo 14.5 de la Ley Núm. 161–2009.*
   *C. Acudir al Tribunal de Primera Instancia en solicitud de una Orden Judicial para ordenar la demolición de la(s) obra(s) ilegalmente construida(s) a costa de la Parte Querellada, y el cobro de la(s) multa(s) impuesta(s) o emitida(s) por la Junta.*
   *D. Ordenar la imposición de honorarios y costas de abogados según lo dispuesto en la Regla 44 de Procedimiento Civil, según enmendada.* [sic].
   Véase; Apéndice de los Recurrentes, pág. 84.
[10] Apéndice de los Recurrentes, págs. 85 – 86.
[11] Apéndice de los Recurrentes, págs. 88 – 99.
[12] Apéndice de los Recurrentes, pág. 100.

Planificación le permitió a Nanette Ortiz iniciar una querella en torno a un terreno ubicado en Arecibo.

**Segundo señalamiento de error:** El artículo 14.7 de la ley orgánica 161-2009 le requiere a la Junta de Plantificación iniciar sus investigaciones de querellas dentro de 30 días naturales de su presentación. También le exige notificar sus hallazgos dentro de los 60 días naturales de que se presentó la querella. Pero la Junta de Planificación inició su investigación a los 65 días de que Nanette Ortiz presentó su querella. Y notificó sus hallazgos a los 4 años y 2 meses de que se inició la querella.

**Tercer señalamiento de error:** La Ley habilitadora 161-2009 no dispone para la aplicación retroactiva del reglamento que rige los procedimientos en la Junta de Planificación. El Tomo XII, Sección V del Reglamento Conjunto número 9473 confirma que sus disposiciones aplicarán prospectivamente a partir del 16 de junio de 2023. Por tanto, no procedía la aplicación retroactiva del Reglamento Conjunto 9473 del 2023 a la querella que Ortiz presentó en el 2020.

**Cuarto señalamiento de error:** El artículo 14.10 de la ley habilitadora 161-2009 requiere expedir boletos para imponer multas administrativas. La Junta de Planificación pretende imponerle una multa de $1,525.00 a Orama y Prefabricado Orama sin expedirles el boleto correspondiente.

No obstante, el **18 de marzo de 2025** la Junta emitió una *Resolución Final de Archivo*,[13] en la cual realizó las siguientes determinaciones de hechos:

1. *El pasado 12 de agosto de 2020, se radicó una querella en el SBP, a la que se le asignó el número 2020-S Q-005841.*
2. *El 16 de octubre de 2020, el agente de permisos, el Sr. Ramón Rivera Ortiz observó que en la Propiedad Querellada se llevaba a cabo un uso industrial donde se fabricaban piezas de tubos en hormigón y el trasporte del mismo sin un Permiso Único debidamente expedido por OGPe para ello. Esta Propiedad se encuentra ubicada en la PR 628 KM7.0 Sec Roman So. Sabana Hoyo, Puerto Rico 00688; identificada con los siguientes números de catastro/parcela: 054-044-314-13, 054-044-314-31, 054-044-936-31 y 054-044-314-32 (la "Propiedad Querellada"). El 4 de octubre de 2024, se llevó a cabo una re-inspección mediante la cual se advino en conocimiento que lo parte querellada aún llevaba a cabo la violación mencionada sin un Permiso Único para ello debidamente expedido por OGPe.*
3. *De la investigación realizada se observó que en lo propiedad se llevaba a cabo un uso industrial donde se fabricaban piezas de tubos en hormigón y el trasporte de los mismos sin un Permiso Único debidamente expedido por OGPe para ello.*
4. *A raíz de los hallazgos, el 16 de diciembre de 2024, fue notificada a las Partes una **Notificación de***

---

[13] Apéndice VII del *"Escrito de Oposición a Revisión Administrativa"* sometido el 25 de marzo de 2025, a las págs. 54 – 60.

> *Hallazgos y Orden de Mostrar Causa, donde se le advirtió a la Parte Querellada que, en un término de 20 día, debía mostrar causa por lo cual no se le debía imponer una multa de $1,525.00 dólares por las violaciones señaladas.*
>
> 5. *El día 8 de enero de 2025, la parte querellada obtuvo un Permiso Único que legaliza las violaciones antes mencionadas. La parte querellada contestó la Notificación de Hallazgos y Orden de Mostrar Causa el día 15 de enero de 2025, demostrando haber obtenido el Permiso Único y proveyendo evidencia del mismo.*
> 6. *A la parte querellada haber adquirido el Permiso Único que permite los hallazgos, legaliza las violaciones señaladas en la Notificación de Hallazgos y Orden de Mostrar Causa.*
> 7. *Por todo lo cual, debido a que la parte querellada legalizó las violaciones señaladas en la Notificación de Hallazgos y Orden de Mostrar Causa y mostró evidencia de permisos, corresponde entonces el archivo do la querella 2020-SRQ-005841.*[14]

Cónsono con lo antes dicho, la Junta, en lo pertinente, expresó:

> 3. *Examinados el Informe de Inspección, **la Notificación de Hallazgos y Orden de Mostrar Causa**, y el expediente administrativo de la Querella, la Junta de Planificación determina que la parte Querellada realizó en la propiedad querellada un uso industrial donde se fabricaban piezas de tubos en hormigón y el transporte de los mismos, sin los Permisos correspondientes. Este uso, requiere presentar una solicitud de permisos y ser aprobada por la OGPe, los Municipios Autónomos con Jerarquía de la I a la III, el PA, el IA o las entidades gubernamentales competentes autorizadas a expedir los mismos.*
> 4. *Aun así la parte querellada proveyó evidencia de la obtención del Permiso Único necesario para la legalización de las violaciones señaladas en la Notificación de Hallazgos y Orden de Mostrar Causa.*
> 5. *Transcurrido el término de veinte (20) días advertidos en la **Notificación de Hallazgos y Orden de Mostrar Causa**, notificada el 16 de diciembre de 2024, la Parte Querellada mostró evidencia de que sometió los tramites correspondiente ante la OGPE, **obtuvo el Permiso Único aprobado, así como sometió su escrito ante la Junta de Planificación**.*[15]

Dado la parte recurrente obtuvo el Permiso Único, la Junta ordenó el archivo de la querella 2020-SRQ-005841. Además, la Junta compareció ante nos el **25 de marzo de 2025**, mediante el

---

[14] *Íd.*, págs. 54 – 55. *Énfasis en original.*
[15] *Íd.*, pág. 55.

*Escrito de Oposición a Revisión Administración.*[16]

Por lo cual, el **28 de marzo de 2025**, emitimos una *Resolución* en la cual dimos por perfeccionado el recurso para la adjudicación del Panel.

**-II-**

Los tribunales deben observar ciertos requisitos —previo a entrar en los méritos de un caso—, ya que su jurisdicción se encuentra circunscrita a que el mismo sea *"justiciable"*.[17] La justiciabilidad *"[e]stá ceñida a aquellas situaciones en que estén presentes controversias reales y vivas susceptibles de adjudicación por el tribunal y donde este imparta un remedio que repercuta en la relación jurídica de las partes ante sí"*.[18] Al respecto, nuestro ordenamiento expresa:

> *[s]e ha reconocido que un caso no es justiciable cuando las partes no tienen legitimación activa, cuando un asunto carece de madurez, cuando la pregunta ante el tribunal es una cuestión política, y cuando un caso se ha tornado **académico**.*[19]

Entonces, un caso se torna académico cuando por el transcurso del tiempo —debido a cambios facticos o judiciales durante el trámite del litigio— el mismo pierde su carácter adversativo y el remedio que en su día pudiera concederse no tendría efectos prácticos.[20] La *academicidad* implica la falta de adversidad, en otras palabras, la ausencia de una controversia real entre las partes. En ese sentido, la doctrina de autolimitación judicial en discusión es de aplicación durante todas las fases de un pleito, lo que incluye la etapa apelativa o revisora, ya que es necesario que exista una controversia genuina entre las partes en todo momento.[21]

---

[16] Cabe señalar que el *"Escrito de Oposición a Revisión Administrativa"* sometido en original contaba con todas sus páginas, no así las copias del recurso. Por lo que, utilizamos el escrito original para evaluar el expediente.

[17] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 334 (2012).; *PNP v. Carrasquillo*, 166 DPR 70, 74 (2005).

[18] *IG Builders et al. v. BBVAPR, supra*, pág. 334.

[19] *PNP v. Carrasquillo, supra,* pág. 74.

[20] *Angueira v. JLBP*, 150 DPR 10, 19 (2000).

[21] *Báez Díaz v. ELA*, 179 DPR 605, 617 (2010).

Por lo tanto, es norma reiterada en nuestro ordenamiento que; *"[l]os tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".*[22] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[23] Por lo cual, la Regla 83 de nuestro Reglamento nos faculta para desestimar un recurso si carecemos de jurisdicción para acogerlo por cualquiera de las instancias que a continuación reseñamos:

> *(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:*
>> *1) que el Tribunal de Apelaciones carece de jurisdicción;*
>> *2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;*
>> *3) que no se ha presentado o proseguido con diligencia o de buena fe;*
>> *4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;*
>> *5) **que el recurso se ha convertido en académico.***
> *(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.*[24]

De conformidad con lo antes señalado, los tribunales tenemos el deber de desestimar todo pleito que haya advenido académico y no tenemos discreción para negarnos a ello, dado que no existe autoridad judicial para acogerlo.[25]

**-III-**

En el presente caso, la querella 2020-SRQ-005841 contra la parte recurrente se presentó el **12 de agosto de 2020** ante la Junta. Luego de la evaluación e informe pertinente, el **16 de junio de 2021** se emitió una *Notificación de Hallazgos y Orden de Mostrar Causa.*

---

[22] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012).; *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).
[23] *Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 708 (2014).
[24] Regla 83 inciso (B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(C).
[25] *Moreno v. UPR II,* 178 DPR 969, 974 (2010).

Sin embargo, la notificación correcta se realizó el **16 de diciembre de 2024**.

No obstante, el **15 de enero de 2025** los recurrentes evidenciaron la tenencia del permiso. Por lo que, el **18 de marzo de 2025**, la Junta emitió una *Resolución Final de Archivo* mediante la cual archivo la querella instada.

En esencia, la Junta correctamente plantea que carecemos de jurisdicción, ya que la agencia archivó el caso ante la legalización de las violaciones señaladas.

De manera que —a la luz de la normativa antes reseñada y en vista del asunto planteado— este recurso no es justiciable por haberse tornado académico, por lo que procedemos a desestimar el recurso de revisión epígrafe.

-IV-

Por los fundamentos antes expuestos, se **desestima** el recurso de revisión presentado por **haberse tornado académico**.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones